## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

AIRELLE SPRY,

                    Plaintiff,

    v.

WAYNE MEMORIAL HOSPITAL,

                 Defendant.

CIVIL ACTION NO. 3:24-cv-00988

(MEHALCHICK, J.)

### MEMORANDUM

Presently before the Court is Defendant Wayne Memorial Hospital's ("Wayne Memorial") motion to dismiss for failure to state a claim. (Doc. 16). On June 14, 2024, Plaintiff Airelle Spry ("Plaintiff") initiated this action by filing a complaint against Wayne Memorial. (Doc. 1). On September 6, 2024, Plaintiff filed the operative amended complaint. (Doc. 13). For the following reasons, Wayne Memorial's motion to dismiss shall be **GRANTED in part** and **DENIED in part.** (Doc. 16).

I.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>

The following background is taken from the amended complaint and, for the purposes of the instant motion, is taken as true. (Doc. 13). Wayne Memorial is a non-profit hospital located in Honesdale, Pennsylvania. (Doc. 13, ¶ 10). Wayne Memorial receives federal funding. (Doc. 13, ¶ 10). Around October 2021, Plaintiff began working for Wayne Memorial and Medical Solutions, LLC ("Medical Solutions") as a traveling registered nurse. (Doc. 13, ¶¶ 1, 12, 15-16). Wayne Memorial and Medical Solutions were Plaintiff's joint employers. (Doc. 13, ¶ 12). Wayne Memorial and Medical Solutions hired Plaintiff under a 13-week contract which the parties consistently renewed. (Doc. 13, ¶¶ 16-17). Wayne Memorial exercised control over the terms and conditions of Plaintiff's employment and Nicole Diehl

("Diehl"), Plaintiff's Nurse Manager, oversaw assigning Plaintiff's tasks and supervising her work. (Doc. 13, ¶¶ 18-19).

In spring, 2023, Plaintiff learned that she was pregnant. (Doc. 13, ¶ 20). Plaintiff has a history of miscarriages and because of this, her pregnancy was a high-risk pregnancy. (Doc. 13, ¶¶ 23-24). On April 27, 2023, Plaintiff's doctor wrote a note stating that Plaintiff should not work in isolation rooms for the remainder of her pregnancy. (Doc. 13, ¶ 21). Plaintiff received this note on or about May 3, 2023. (Doc. 13, ¶ 22). Plaintiff provided this note to her "Nurse Supervisor" on or about May 9, 2023. (Doc. 13, ¶ 22). After receiving Plaintiff's note, Diehl informed Plaintiff that Wayne Memorial would not be granting Plaintiff's request to not work in isolation rooms for the remainder of her pregnancy. (Doc. 13, ¶ 25). Wayne Memorial did not request any additional medical information from Plaintiff. (Doc. 13, ¶ 26). Wayne Memorial had previously provided accommodations for non-pregnant nurses. (Doc. 13, ¶ 27). Plaintiff had the ability and certifications to work elsewhere in Wayne Memorial in place of her scheduled shifts in isolation rooms (Doc. 13, ¶ 29). She also had previously worked in different locations within Wayne Memorial. (Doc. 13, ¶ 29). Despite this, on or about May 9, 2023,[1] Diehl informed Plaintiff she could either work in isolation rooms or lose her job. (Doc. 13, ¶¶ 31-32). During this time, Plaintiff was under contract and had signed another contract to continue working through September 9, 2023. (Doc. 13, ¶ 17). After Plaintiff refused to work in isolation rooms, Diehl told Plaintiff she was terminated and worked to rescind her contract. (Doc. 13, ¶ 33). Plaintiff filed a charge (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human

---

[1] The amended complaint states this ultimatum was given in May 2024; however, the amended complaint makes clear Plaintiff was pregnant in May 2023. (Doc. 13, ¶¶ 22, 32). The Court thus interprets this ultimatum to have occurred in May 2023.

Relation's Commission ("PHRC"). (Doc. 13, ¶ 8). On March 19, 2024, the EEOC issued Plaintiff a right to sue letter. (Doc. 13, ¶ 8).

Plaintiff filed the amended complaint on September 6, 2024, asserting seven counts under state and federal law and seeking compensatory damages, punitive damages, and injunctive relief. (Doc. 13, ¶¶ 36-90). Count I alleges Wayne Memorial violated the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act by discriminating against Plaintiff on the basis of her high-risk pregnancy. (Doc. 13, ¶¶ 36-45). Count II alleges Wayne Memorial violated the Pennsylvania Human Rights Act (the "PHRA") by discriminating against Plaintiff on the basis of her high-risk pregnancy. (Doc. 13, ¶¶ 46-54). Count III alleges Wayne Memorial violated the ADA, Rehabilitation Act, and the Pregnant Workers Fairness Act (the "PWFA") by failing to accommodate Plaintiff's pregnancy or sufficiently engage in the interactive process. (Doc. 13, ¶¶ 55-62). Count IV alleges Wayne Memorial violated the PHRA by failing to accommodate Plaintiff's pregnancy or sufficiently engage in the interactive process. (Doc. 13, ¶¶ 63-70). Count V alleges Wayne Memorial violated Title VII by discriminating against Plaintiff on the basis of her pregnancy and sex. (Doc. 13, ¶¶ 71-78). Count VI alleges Wayne Memorial violated the PHRA by discriminating against Plaintiff on the basis of her pregnancy and sex. (Doc. 13, ¶¶ 79-85). Count VII alleges Wayne Memorial violated Title VII, the ADA, the PWFA, and the PHRA by retaliating against Plaintiff for engaging in protected activity. (Doc. 13, ¶¶ 86-90).

On September 23, 2024, Wayne Memorial filed a motion to dismiss the amended complaint for failure to state a claim and filed a brief in support on October 7, 2024. (Doc. 16; Doc. 17). On October 21, 2024, Plaintiff filed a brief in opposition. (Doc. 18). Wayne Memorial filed a reply brief on November 4, 2024. (Doc. 19). On November 13, 2024,

Plaintiff filed a motion for leave to file a *sur-reply* brief. (Doc. 21). The Court granted Plaintiff's motion on November 14, 2024, and Plaintiff filed her *sur-reply* brief on that same day. (Doc. 22; Doc. 23). Accordingly, the motion to dismiss has been fully briefed and is ripe for disposition. (Doc. 16; Doc. 17; Doc. 18; Doc. 19; Doc. 23).

## II.    LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors*, Inc., 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . "

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

## III.  DISCUSSION

Wayne Memorial raises seven grounds for dismissal: 1) the Court should dismiss the amended complaint because Wayne Memorial was not Plaintiff's employer and it could not grant Plaintiff's requested accommodations; 2) the Court should dismiss Counts I, II, III, IV, and VII as they relate to Plaintiff's disability discrimination and PWFA claims because Plaintiff has failed to exhaust her administrative remedies, 3) the Court should dismiss Counts

I, II, III, and IV because Plaintiff failed to sate a claim for disability discrimination, 4) the Court should dismiss Plaintiff's PWFA claims because the alleged discrimination occurred before the PWFA's effective date, 5) the Court should dismiss Plaintiff's Rehabilitation Act claims because the Rehabilitation Act does not apply to Wayne Memorial, 6) the Court should strike Plaintiff's requests for punitive damages, and 7) the Court should strike Plaintiff's requests for compensatory damages relating to her ADA retaliation claim. (Doc. 16; Doc. 17). In support of dismissal, Wayne Memorial asks the Court to consider four documents attached to its motion to dismiss. (Doc. 16-1; Doc. 16-2; Doc. 16-3; Doc. 16-4; Doc. 17, at 10-15). The Court will first address whether the Court may consider the proposed extrinsic documents and then will address each ground for dismissal in turn.

A. The Court will consider some of the proposed extrinsic documents.

Wayne Memorial requests the Court consider four documents attached to its motion to dismiss: 1) a service agreement (the "Service Agreement") between Plaintiff and Medical Solutions; 2) a work order (the "Work Order") between Plaintiff and Medical Solutions; 3) the Charge; and 4) the doctor's note (the "Note") referenced in Plaintiff's amended complaint. (Doc. 16-1; Doc. 16-2; Doc. 16-3; Doc. 16-4; Doc. 17, at 10-15). Plaintiff agrees that the Court may consider the Charge and the Note but disagrees as to the Service Agreement and the Work Order. (Doc. 18, at 5). Plaintiff avers that Wayne Memorial has not properly laid the foundation for the Service Agreement and the Work Order and disputes that these documents paint a complete picture of the contractual agreements between Plaintiff and Wayne Memorial. (Doc. 18, at 7-10).

When considering a motion to dismiss, courts ordinarily "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6)

motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.*, 551 U.S. at 322. However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A plaintiff's claims are based on a document where the document is "integral to or explicitly relied upon in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Burlington Coat Factory*, 114 F.3d at 1426). "If the plaintiff disputes the authenticity of a document, the Court may not consider it." *See First Nonprofit Ins. Co. v. Meenan Oil LLC*, 462 F. Supp. 3d 537, 542 (E.D. Pa. 2020) (declining to consider a contract because the plaintiff disputed its authenticity by taking "issue with treating the Service Agreement as the definitive contract without confirmatory discovery"); *see also Menichini v. Freehold Cartage, Inc.*, No. 3:22-CV-01532, 2024 WL 1356699, at *7 (M.D. Pa. Mar. 29, 2024) (stating "[t]o be considered at the motion to dismiss stage, the document's authenticity cannot be disputed by either party").

The Court will consider the Charge and the Note but will not consider the Service Agreement and the Work Order. (Doc. 16-1; Doc. 16-2; Doc. 16-3; Doc. 16-4). Beginning with the Charge and the Note, Plaintiff does not dispute the authenticity of either document. (Doc. 18, at 5). The amended complaint relies on the Charge to establish that Plaintiff has exhausted her administrative remedies. (Doc. 13, ¶¶ 7-8). The amended complaint also relies on the Note to establish that Wayne Memorial was aware of Plaintiff's pregnancy. (Doc. 13, ¶¶ 21-26). Accordingly, the Court may consider the Charge and the Note because their authenticity is undisputed, and the amended complaint explicitly relies upon them. *Schmidt*, 770 F.3d at 249. The Court cannot consider the Service Agreement or the Work Order

7

because Plaintiff disputes their authenticity. (Doc. 18, at 8). Plaintiff argues that she did not sign either of these agreements and they are not reflective of Plaintiff's complete contractual agreement with Wayne Memorial. (Doc. 18, at 8-9).

B. PLAINTIFF SUFFICIENTLY ALLEGES WAYNE MEMORIAL WAS HER EMPLOYER.

All seven counts of the amended complaint allege employment discrimination and Counts I, II, III, and IV relate to Wayne Memorial denying Plaintiff accommodations for her pregnancy. (Doc. 13, ¶¶ 36-90). Wayne Memorial argues that it was not Plaintiff's employer and thus, it is not subject to Plaintiff's employment discrimination claims. (Doc. 17, at 15-16). Wayne Memorial further avers that Counts I, II, III, and IV should be dismissed because Wayne Memorial did not have the ability to grant Plaintiff's requested accommodations. (Doc. 17, at 16-18; Doc. 19, at 14-15). Wayne Memorial largely relies on the Service Agreement and Work Order to make these arguments. (Doc. 17, at 15-18). Plaintiff counters that Wayne Memorial was Plaintiff's joint employer and had the ability to grant Plaintiff's accommodations requests. (Doc. 18, at 10-14). The Court will first assess whether Wayne Memorial was Plaintiff's employer and then turn to whether Wayne Memorial had the ability to grant Plaintiff's requested accommodations.

To assert a claim under Title VII, the PWFA, the PHRA, and the ADA, a plaintiff "must allege an employment relationship with the defendants." *Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 119 (3d Cir. 2013) (finding Title VII claims require an employment relationship); *see also* 42 U.S.C.A. § 2000gg-2(a)(1) (stating the same procedures which govern Title VII claims govern PWFA claims); *see also Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 213 (3d Cir. 2015) (finding PHRA employment claims require an employment relationship); *see also Doe v. Pennsylvania*, 582 F. Supp. 3d 206, 213 (M.D. Pa. 2022) (finding

ADA employment claims require an employment relationship). Whether a defendant and a plaintiff have an employment relationship depends "on a number of factors, including [the defendant]'s level of control over [the plaintiff], which entity hired and paid him, and which entity generally controlled his day-to-day activities." *Washington v. Client Network Servs. Inc.*, 590 F. App'x 126, 130 (3d Cir. 2014) (nonprecedential). Further, "whether a defendant is an employer for purposes of the anti-discrimination laws. . . embraces the concept of joint employment." *Washington*, 590 F. App'x at 130. "'[T]he precise contours of an employment relationship can only be established by a careful factual inquiry,' and the issue thus 'may generally require resolution at the summary judgment stage, rather than at the motion to dismiss stage.'" *Washington*, 590 F. App'x at 130 (citations omitted); *see also Barone v. Idexcel, Inc.*, No. 1:22-CV-01232, 2023 WL 146240, at *4 (M.D. Pa. Jan. 10, 2023) (stating "'the joint employer and the single employer doctrines involve fact-intensive analyses' that 'are generally inappropriate at the motion to dismiss stage'" (quoting *Hayes v. Waddell & Reed, Inc.*, No. CA 12-293, 2013 WL 5434139, at *9 (W.D. Pa. Sept. 26, 2013))).

Here, as discussed *supra*, the Court will not consider the Service Agreement and the Work Order and will only consider the allegations in the amended complaint. The amended complaint alleges that Wayne Memorial interviewed Plaintiff for her position, exercised control over the terms and conditions of her employment, evaluated her accommodations request, and terminated her. (Doc. 13, ¶¶ 15, 19, 25, 34, 40, 50, 59, 68, 88). Given these allegations, the Court is satisfied that Plaintiff has adequately pled an employment relationship for purposes of the instant motion. *See Washington*, 590 F. App'x at 130; *see also Barone*, 2023 WL 146240, at *4.

The Court next turns to Wayne Memorial's argument that it could not grant Plaintiff's accommodations request. (Doc. 17, at 16-18). Wayne Memorial avers that the Service Agreement and the Work Order show that Wayne Memorial could not have granted Plaintiff's accommodations request because Plaintiff was not authorized to work in other units/departments of the hospital and had to be assigned to shifts involving isolation rooms. (Doc. 17, at 16-18). However, as discussed *supra*, the Court may not consider the Service Agreement and the Work Order. The amended complaint alleges that Wayne Memorial evaluated and denied Plaintiff's accommodations requests. (Doc. 13, ¶¶ 25-27, 38, 40, 50, 52, 60, 65-68, 76). The amended complaint further alleges that Plaintiff was able and certified to work in various areas in the hospital which would have allowed her to work full shifts without working in isolation rooms. (Doc. 13, ¶¶ 27-30). These allegations must be taken as true for purposes of the instant motion. *Jordan*, 20 F.3d at 1261. Accordingly, the Court finds that Wayne Memorial had an employment relationship with Plaintiff and the ability to grant the requested accommodations. (Doc. 13, ¶¶ 15, 19, 25, 27-30, 34, 40, 50, 59, 68, 88). Wayne Memorial's motion to dismiss is **DENIED**. (Doc. 16).

C. PLAINTIFF SUFFICIENTLY EXHAUSTED HER ADMINISTRATIVE REMEDIES.

Counts I, II, III, and IV allege Wayne Memorial violated Plaintiff's rights under the ADA and the PHRA by failing to accommodate her disability and discriminating against her on the basis of her disability. (Doc. 13, ¶¶ 39-70). Counts III and VII allege Wayne Memorial violated the PWFA by failing to accommodate Plaintiff's pregnancy, discriminating against Plaintiff on the basis of her pregnancy, and retaliating against Plaintiff. (Doc. 13, ¶¶ 36-54, 86-90). Wayne Memorial argues that Plaintiff failed to exhaust her administrative remedies regarding her disability claims because she failed to allege she was disabled in the Charge.

(Doc. 17, at 18-20). According to Wayne Memorial, the Charge only states that Plaintiff was pregnant which is not alone a qualifying disability under the ADA or the PHRA. (Doc. 17, at 18-19). Wayne Memorial further argues that Plaintiff failed to exhaust her administrative remedies regarding her PWFA claims because she did not mention the PWFA in the Charge. (Doc. 17, at 20). Plaintiff counters that she exhausted her administrative remedies and the Charge provided Wayne Memorial with sufficient notice of her disability and PWFA claims. (Doc. 18, at 14-16).

The ADA and the PWFA[2] require plaintiffs to exhaust their administrative remedies prior to filing suit. *See* 42 U.S.C.A. § 12117; *see also* 42 U.S.C.A. § 2000gg-2(a)(1). The PHRA similarly requires plaintiffs to exhaust their administrative remedies. 43 Pa. Stat. Ann. § 959. Federal Courts consistently apply the same standards for exhaustion of administrative remedies for both federal discrimination claims and PHRA Claims. *See Kunwar v. Simco, a Div. of Illinois Tool Works, Inc.*, 135 F. Supp. 2d 649, 653 (E.D. Pa. 2001); *see also Hills v. Borough of Colwyn*, 978 F. Supp. 2d 469, 478 (E.D. Pa. 2013).

A plaintiff exhausts their administrative remedies by filing a charge with the EEOC[3] and "receiving a right-to-sue letter from the EEOC." *Simko v. United States Steel Corp*, 992 F.3d 198, 206 (3d Cir. 2021). "After a charge is filed, the scope of a resulting private civil action in

---

[2] The PWFA states that the same procedures that apply to Title VII apply to the PWFA. 42 U.S.C.A. § 2000gg-2(a)(1). Title VII requires plaintiffs to exhaust their administrative remedies prior to filing suit. *Spence v. Straw*, 54 F.3d 196, 200 (3d Cir. 1995) (stating "when Title VII remedies are available, they must be exhausted before a plaintiff may file suit").

[3] PHRA requires a Plaintiff to file an administrative charge before the PHRC, however, this requirement is also met where a plaintiff files a charge with the EEOC. See *Hills, 978 F. Supp. 2d at 478* (stating "before filing suit under the PHRA, a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination. . . with the [PHRC] or EEOC"). Plaintiff filed her charge with both the EEOC and PHRC. (Doc. 13, ¶ 8).

the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (citations omitted). "Where facts alleged in a complaint fall outside the core grievance addressed in the EEOC charge, the new claim is distinct and has not been administratively exhausted." *Gardner v. SEPTA*, 824 F. App'x 100, 105 (3d Cir. 2020). An EEOC charge does not need to have the exact same allegations as the complaint, but "[r]ather, the legal analysis turns on whether the allegations in the judicial complaint are reasonably related to those in the administrative charge." *Kopko v. Lehigh Valley Health Network*, 776 F. App'x 768, 773 (3d Cir. 2019). "EEOC charges are generally given a 'fairly liberal construction' because most EEOC charges are drafted by individuals who are 'not well versed in the art of legal description.'" *Boyle v. City of Philadelphia*, 169 F. Supp. 3d 624, 628 (E.D. Pa. 2016) (citations omitted). Further, "an EEOC charge is not required to contain any legal conclusions, '[i]t is up to the EEOC, not [the plaintiff], to investigate whether and under what legal theories discrimination might have occurred.'" *Houle v. Walmart Inc.*, 447 F. Supp. 3d 261, 276 (M.D. Pa. 2020) (quoting *E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010)).

Beginning with Plaintiff's ADA and PHRA disability claims, the Court finds that Plaintiff has exhausted her administrative remedies. As discussed *supra*, the Court will consider the Charge. The Charge lists disability as a basis of discrimination. (Doc. 16-3, at 2). The Charge further states that Wayne Memorial violated the ADA by failing to provide Plaintiff with accommodations for her pregnancy or engage in the interactive process. (Doc. 16-3, at 2). The complaint alleges that Plaintiff's high-risk pregnancy was a disability and Wayne Memorial discriminated against her on the basis of that disability by failing to accommodate her pregnancy or engage in the interactive process. (Doc. 13, ¶¶ 24, 37, 39, 40).

Although Plaintiff did not mention she suffered from a high-risk pregnancy in the EEOC charge, the allegations in the amended complaint are "reasonably related to those in the administrative charge." *Kopko*, 776 F. App'x at 773.

Turning to Plaintiff's PWFA claims, the Charge states Wayne Memorial failed to accommodate Plaintiff's pregnancy, treated her differently than other nurses, and "constructively discharge[ed]" her after she asked for accommodations for her pregnancy. (Doc. 16-3, at 2). The Amended Complaint alleges Wayne Memorial violated the PWFA by failing to accommodate Plaintiff's pregnancy, discriminating against Plaintiff on the basis of her pregnancy, and retaliating against her for seeking accommodations for her pregnancy. (Doc. 13, ¶¶ 57-62, 87-90). The allegations in the amended complaint and the Charge are thus reasonably related. *Kopko*, 776 F. App'x at 773. The Charge did not need to mention the PWFA because an administrative charge does not need to state the legal theories a defendant is liable under. *Houle*, 447 F. Supp. 3d at 276. Accordingly, Plaintiff has properly exhausted her administrative remedies and Wayne Memorial's motion to dismiss is **DENIED**. (Doc. 16).

D. PLAINTIFF STATES A CLAIM FOR DISABILITY DISCRIMINATION.

Counts I, II, III, and IV allege Wayne Memorial violated the ADA by discriminating against Plaintiff on the basis of her disability. (Doc. 13, ¶¶ 30-62, 86-90). Wayne Memorial argues that Plaintiff has failed to state a claim for disability discrimination because Plaintiff never gave Wayne Memorial sufficient notice of her disability. (Doc. 17, at 20-22). According to Wayne Memorial, pregnancy is not ordinarily a disability. (Doc. 17, at 19-20). Because of this, Wayne Memorial contends that Plaintiff gave it insufficient notice of her disability by only informing Wayne Memorial that she was pregnant. (Doc. 17, at 19-22). Plaintiff avers

that both the amended complaint and the Note show Wayne Memorial had notice of her disability. (Doc. 18, at 14-15).

The ADA states "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132. To state a claim under the ADA a Plaintiff must show "(1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability." *Durham v. Kelley*, 82 F.4th 217, 225 (3d Cir. 2023). "Federal regulations define a disability broadly as, among other things, a physical impairment that substantially limits one or more of the major life activities." *Durham*, 82 F.4th at 225. "A physical impairment is a 'physiological disorder or condition. . . or anatomical loss affecting one or more body systems[,]' and 'major life activities' include walking and standing." *Durham*, 82 F.4th at 225 (citations omitted). "The ADA and the definition of 'disabled' was amended by Congress effective January 1, 2009[,] and requires courts to broadly interpret what constitutes a disability 'to the maximum extent permitted.'" *Burbach v. Arconic Corp.*, 561 F. Supp. 3d 508, 519 (W.D. Pa. 2021) (quoting Ostrowski v. Con-Way Freight, Inc., 543 F. App'x 128, 131 (3d Cir. 2013). "For the purposes of a motion to dismiss, [a plaintiff] does not need to prove he meets the statutory minimums for disability, but instead just needs to demonstrate a plausible claim." *Chirico v. Borough of Delaware Water Gap*, 732 F. Supp. 3d 399, 412–13 (M.D. Pa. 2024); *see also Burbach*, 561 F. Supp. 3d at 519 (determining that a plaintiff sufficiently alleged a disability in the complaint and declining to dismiss based on a defendant's argument that COVID-19 is not a disability);

14

*see also Varone v. Great Wolf Lodge of the Poconos, LLC*, No. 3:15-CV-304, 2016 WL 1393393, at *3 (M.D. Pa. Apr. 8, 2016) (rejecting a defendant's argument that a plaintiff's pregnancy was not a disability at the motion to dismiss phase). Further, a plaintiff does not need to prove that a defendant had knowledge of their disability to survive motion to dismiss, but rather, the plaintiff only needs to put forth allegations which support a "reasonable inference" that the employer was aware of their disability. *See Sube v. City of Allentown*, 974 F. Supp. 2d 754, 765 (E.D. Pa. 2013) (finding plaintiff adequately stated an ADA claim where a reasonable inference could be drawn from the complaint that the defendant was aware of the plaintiff's disability and the plaintiff requested accommodations for that disability); *cf Cook v. City of Philadelphia*, 94 F. Supp. 3d 640, 645 (E.D. Pa. 2015) (stating "[t]he Court finds that [plaintiff] has adequately alleged facts to support an inference, at this early stage of the litigation, that the City 'regarded [plaintiff] as' having a mental or psychological disability" (quoting *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009)).

Here, Plaintiff has adequately alleged Wayne Memorial was aware of her disability. While pregnancy alone is not ordinarily a disability, certain "pregnancy-related complications" may be considered a disability under the ADA. *Moore v. CVS Rx Servs., Inc.*, 142 F. Supp. 3d 321, 344 (M.D. Pa. 2015), *aff'd*, 660 F. App'x 149 (3d Cir. 2016); *see also Wadley v. Kiddie Acad. Int'l, Inc.*, No. CV 17-05745, 2018 WL 3035785, at *5 (E.D. Pa. June 19, 2018) (stating "a high-risk pregnancy may, in some instances, constitute a disability if it substantially limits a woman's reproductive functions or other major life activity"). Plaintiff alleges she has a history of miscarriages which led her to be concerned about the viability of her pregnancy. (Doc. 13, ¶¶ 23-24, 37-38). Plaintiff alleges that because of her history and risk of miscarriage, she had a high-risk pregnancy which limited her reproductive functions. (Doc.

13, ¶¶ 23-24, 37-38). In this early stage of litigation, these allegations are sufficient to "demonstrate a plausible claim." *Chirico*, 732 F. Supp. 3d at 412–13; *see also Wadley*, 2018 WL 3035785, at *5 (finding a plaintiff who alleged she previously had a miscarriage and had a future risk of miscarriage adequately alleged a disability).

Turning to Wayne Memorial's awareness of this disability, the amended complaint alleges that Plaintiff notified her supervisor of her pregnancy, requested accommodations due to concerns with that pregnancy, provided the Note recommending accommodations for that pregnancy, and Wayne Memorial "was on notice that Plaintiff's pregnancy constituted a disability for reasons including that her doctors provided a note for medical accommodation." (Doc. 13, ¶¶ 25-26, 38). In this early stage, these allegations are sufficient to support a "reasonable inference" that Wayne Memorial was aware that Plaintiff had a disability. *Sube*, 974 F. Supp. 2d at 765. Accordingly, Wayne Memorial's motion to dismiss is **DENIED**. (Doc. 16).

E. Plaintiff states a claim under the PWFA.

Counts III and VII allege Wayne Memorial violated the PWFA by discriminating against Plaintiff on the basis of her pregnancy, failing to accommodate Plaintiff's pregnancy, and retaliating against Plaintiff. (Doc. 13, ¶¶ 55-62; 86-90). Wayne Memorial argues that these claims should be dismissed because the PWFA took effect on June 27, 2023, and Plaintiff's alleged mistreatment occurred in May 2023. (Doc. 17, at 22). Plaintiff argues that the PWFA applies because Wayne Memorial terminated a contract with Plaintiff which extended until September 2023 (Doc. 18, at 17).

The PWFA is a recently enacted law which forbids qualifying employers from discriminating against their employees on the basis of their pregnancy. 42 U.S.C.A. § 2000gg-

1. Due to its recency, courts in the Third Circuit have not addressed the PWFA in detail, but Wayne Memorial asks the Court to rely on *Beddingfield v. United Parcel Services, Incorporated*, which held that the PWFA does not apply to conduct which occurred prior to June 27, 2023. No. 23-CV-05896-EMC, 2024 WL 1521238, at *9 (N.D. Cal. Apr. 8, 2024). In, *Beddingfield* the Northern District of California found that the PWFA cannot apply retroactively to a plaintiff who was pregnant in December 2021. *Beddingfield*, 2024 WL 1521238, at *9.

*Beddingfield* is distinguishable from this case. 2024 WL 1521238, at *9. Here, the amended complaint alleges Plaintiff learned of her pregnancy in spring, 2023, and Plaintiff and Wayne Memorial signed an employment contract which would be in effect through September 9, 2023. (Doc. 13, at ¶¶ 17, 20). Taking these allegations as true, the Court could reasonably infer that the alleged discrimination extended until September 2023. *Cf Smith v. RB Distribution, Inc.*, 498 F. Supp. 3d 645, 658 (E.D. Pa. 2020) (drawing all inferences in the plaintiff's favor while assessing a motion to dismiss to determine that discriminatory conduct continued past a certain date). Accordingly, Wayne Memorial's motion to dismiss is **DENIED**. (Doc. 16).

F.    PLAINTIFF SUFFICIENTLY ALLEGES WAYNE MEMORIAL IS SUBJECT TO THE REHABILITATION ACT.

Counts I, III, and VII allege Wayne Memorial violated the Rehabilitation Act. (Doc. 13, ¶¶ 30-62, 86-90). Wayne Memorial argues that it is not subject to the Rehabilitation Act because Wayne Memorial is not a federal employer, an employer receiving federal financial assistance, or a federal contractor. (Doc. 17, at 22-23). Plaintiff counters that the Rehabilitation Act applies because Wayne Memorial receives federal funds. (Doc. 18, at 17).

The Rehabilitation Act States: "No otherwise qualified individual with a disability in the United States. . . shall, solely by reason of her or his disability, be excluded from the

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C.A. § 794(a). The Rehabilitation Act's definition of a "program or activity" includes "an entire corporation, partnership, or other private organization. . . which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation." 29 U.S.C.A. § 794(b)(3)(A)(ii). Under this prevision, the Rehabilitation Act applies to hospitals which receive federal funding. *See Nicholson v. W. Penn Allegheny Health Sys.*, 297 F. App'x 157, 158 (3d Cir. 2008) (nonprecedential) (stating "[i]t is not disputed that Allegheny Specialty Practice Network received federal funding while [Plaintiff] was employed, thereby implicating [Rehabilitation Act] protection for its employees"); *see also Sharrow v. Bailey*, 910 F. Supp. 187, 193 (M.D. Pa. 1995) (denying a motion to dismiss because a plaintiff adequately alleged a private medical practice received federal funds); *see also Dalton v. Saint Barnabas Med. Ctr.*, No. CV215354JXNESK, 2023 WL 7298464, at *8 (D.N.J. Nov. 6, 2023) (finding plaintiff adequately stated a Retaliation Act claim where the complaint alleged a hospital received federal grants).

Here, the amended complaint alleges that Wayne Memorial is a non-profit hospital that receives federal funding. (Doc. 13, ¶ 10). This allegation suggests that Wayne Memorial receives federal funds as a "private organization. . . which is principally engaged in the business of providing. . . health care." 29 U.S.C.A. § 794(b)(3)(A)(ii). Thus, the amended complaint alleges that Wayne Memorial "received federal funding while [Plaintiff] was employed, thereby implicating [Rehabilitation Act] protection for its employees." *Nicholson*, 297 F. App'x at 158.

Wayne Memorial contends that Plaintiff has only made conclusory allegations that the Rehabilitation Act applies. (Doc. 17, at 22-23). Wayne Memorial is correct that a plaintiff may not rely on conclusory statements that a defendant receives federal assistance within the definition of the Rehabilitation Act. *See Hunt v. Univ. of Pittsburgh Med. Ctr., Pinnacle*, No. 1:18-CV-01757, 2019 WL 3776545, at *5 (M.D. Pa. Aug. 12, 2019) (finding the conclusory statement "[defendant] receives federal financial assistance and as such is subject to [the Rehabilitation Act]" insufficient to state a claim under the Rehabilitation Act). However, the amended complaint does not just rely on conclusory statements, but rather makes factual allegations that Wayne Memorial is a hospital which receives federal funds. (Doc. 13, ¶ 10). The Court "must accept as true the allegations in [the amended] complaint and make all reasonable inferences in [Plaintiff's] favor." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 408 (3d Cir. 2003). As such, the Court finds Plaintiff has sufficiently alleged Wayne Memorial is subject to the Rehabilitation Act. *See Sharrow*, 910 F. Supp. at 193. Accordingly, Wayne Memorial's motion to dismiss is **DENIED**. (Doc. 16).

G. THE COURT WILL STRIKE PLAINTIFF'S REQUESTS FOR PUNITIVE DAMAGES RELATING TO HER PHRA AND ADA RETALIATION CLAIMS.

The amended complaint requests punitive damages relating to all Counts. (Doc. 13, at 13). Wayne Memorial moves for the Court to strike Plaintiff's requests for punitive damages. (Doc. 17, at 23-24). According to Wayne Memorial, Plaintiff has failed to allege any facts indicating malice, wantonness, recklessness, or intent. (Doc. 17, at 23). Wayne memorial further contents that Punitive Damages are not recoverable under the PHRA or for ADA retaliation claims (Doc. 17, at 23-24). Plaintiff agrees that her requests for punitive damages should be stricken regarding her PHRA and ADA retaliation claims but avers that the Court should permit her to seek punitive damages for her remaining claims. (Doc. 18, at 17-18).

19

Punitive damages "are aimed not at compensation but principally at retribution and deterring harmful conduct." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 492 (2008). "Punitive damages are available under the ADA when 'the complaining party demonstrates that the respondent engaged in a discriminatory practice. . . with malice or with reckless indifference. . .' and require that 'an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law.'" *Gagliardo v. Connaught Lab'ys, Inc.*, 311 F.3d 565, 573 (3d Cir. 2002) (citations omitted). Similarly, Title VII and the PWFA only permit punitive damages where "the employer has engaged in intentional discrimination and has done so 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 529–30 (1999) (establishing the punitive damages requirements for Title VII); *see also* 42 U.S.C.A. § 2000gg-2(a)(3) (stating Title VII's rules for damages apply to the PWFA). "Whether an award of punitive damages is warranted involves 'a fact-intensive issue inappropriate for resolution at the motion to dismiss stage, where no factual record has yet been developed.'" *Fiedler v. Stroudsburg Area Sch. Dist.*, 427 F. Supp. 3d 539, 558 (M.D. Pa. 2019) (quoting *Miller v. Helm*, No. 4:17-CV-01590, 2017 WL 6405738, at *7 (M.D. Pa. Dec. 15, 2017)); *see also Jones v. Allied Servs. Skilled Nursing & Rehab Ctr.*, No. 3:23-CV-00725, 2024 WL 1533665, at *5 (M.D. Pa. Apr. 9, 2024).

As an initial matter, the Court will strike Plaintiff's request for punitive damages regarding Plaintiff's PHRA and ADA retaliation claims. (Doc. 13, at 13). The motion is unopposed as to these requests and punitive damages are unavailable for PHRA and ADA retaliation claims. *See Hoy v. Angelone*, 554 Pa. 134, 146 (1998) (holding punitive damages are unavailable under PHRA); *see also Kocher v. Municipality of Kingston*, 400 F. Supp. 3d 138, 152 (M.D. Pa. 2019) (holding punitive damages are unavailable for ADA retaliation claims).

However, the Court will not strike Plaintiff's remaining requests for punitive damages. (Doc. 13, at 13). Plaintiff alleges Wayne Memorial willfully discriminated against her based on her high-risk pregnancy. (Doc. 13, at ¶¶ 44, 53, 61, 69, 77, 84, 90). Given this allegation and the fact-intensive nature of punitive damages, it would be premature to dismiss Plaintiff's remaining requests for punitive damages at this early stage. *See Fiedler*, 427 F. Supp. 3d at 558; *see also Jones*, 2024 WL 1533665, at *5. Accordingly, Wayne Memorial's motion to strike Plaintiff's request for punitive damages is **GRANTED** regarding Plaintiff's PHRA and ADA retaliation claims and **DENIED** regarding Plaintiff's other claims. (Doc. 16).

### H. The Court will strike Plaintiff's request for compensatory damages relating to her ADA retaliation claim.

The amended complaint alleges Plaintiff is entitled to compensatory damages relating to all Counts. (Doc. 13, at 13). Wayne Memorial argues that compensatory damages are not available for ADA retaliation claims. (Doc. 17, at 24). Plaintiff agrees and "concedes that she is not seeking. . . compensatory damages for her retaliation claim under the ADA." (Doc. 18, at 17). The Court will strike Plaintiff's request for compensatory damages relating to her ADA retaliation claim because the motion is unopposed and compensatory damages are unavailable for ADA retaliation claims. *See Kocher*, 400 F. Supp. 3d at 152. Accordingly, Wayne Memorial's motion to strike compensatory damages is **GRANTED** regarding Plaintiff's ADA retaliation claim. (Doc. 16).

## IV. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave

to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Here, amendment would be futile, because as discussed *supra*, punitive damages are unavailable for PHRA and ADA retaliation claims and compensatory damages are unavailable for ADA retaliation claims. *See Hoy*, 554 Pa. at 146 (holding punitive damages are unavailable under PHRA); *see also Kocher*, 400 F. Supp. 3d at 152 (holding punitive and compensatory damages are unavailable for ADA retaliation claims). Accordingly, leave to amend is **DENIED**.

## V.    CONCLUSION

For the foregoing reasons, Wayne Memorial's motion to dismiss is **GRANTED in part** and **DENIED in part**. (Doc. 16) The Court will **STRIKE** Plaintiff's requests for punitive damages as it relates to her PHRA and ADA retaliation claims. (Doc. 13, at 13). Further, the Court will **STRIKE** Plaintiff's request for compensatory damages as it relates to her ADA retaliation claim. (Doc. 13, at 13). Wayne Memorial's motion to dismiss is otherwise **DENIED**. (Doc. 16).

An appropriate Order follows.

**BY THE COURT:**

**Dated: June 18, 2025**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**